# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYWAN HYATT, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-10-1396-F |
| | ) |
| JAMES RUDEK, WARDEN, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, Tywan Hyatt, has filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction on various federal constitutional grounds. It is recommended that his petition be denied as to the claims raised in Ground Five. It is further recommended that consideration of the merits of the claims raised in Grounds One through Four be deferred pending supplementation of the record and further briefing.

## I. Case History

On January 8, 2010, in the District Court of Oklahoma County, State of Oklahoma, Petitioner entered a guilty plea in Case No. CF-07-2218 to the amended charge of Possession of a Controlled Dangerous Substance (Crack Cocaine) with Intent to Distribute and to Possession of Drug Paraphernalia. At the same time, in Case No. CF-09-6098, Petitioner entered a guilty plea to Possession of a Controlled Dangerous Substance (Cocaine) with Intent to Distribute and to Possession of Proceeds Derived from a Violation of the Controlled Dangerous Substances Act. Each of these felony convictions were alleged to have occurred

after Petitioner's convictions for two or more felonies. Petitioner was sentenced to concurrent terms of forty-three years imprisonment on each of the felony offenses with all but the first twenty-eight years suspended under terms of probation.

Petitioner did not move to withdraw his guilty pleas or otherwise appeal his convictions.

On May 3, 2010, Petitioner filed an application for post-conviction relief in the state district court. The state district court denied the application and Petitioner appealed. On October 28, 2010, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief. *See* Response to Petition for Writ of Habeas Corpus [Doc. #11], Exhibit 8, OCCA Order.

## II.     **Grounds for Habeas Corpus Relief**

In his Amended Petition [Doc. #6] Petitioner brings five grounds for federal habeas corpus relief. In Grounds One through Three, Petitioner claims trial counsel was ineffective for failing to move to suppress evidence on grounds of a Fourth Amendment violation. In Ground Four, Petitioner claims trial counsel was ineffective for allowing Petitioner to enter a guilty plea where the evidence was insufficient to prove the essential elements of the crime of manufacturing a controlled dangerous substance. In Ground Five of the Petition, Petitioner claims the trial court's finding that Petitioner procedurally defaulted his appeal violates his Fourteenth Amendment due process rights. In support of his fifth claim, Petitioner contends he received ineffective assistance of counsel and that he would have

brought a direct appeal of his conviction but for his trial counsel failing to consult with him concerning the filing of an appeal.

Petitioner raised the first four grounds for relief in his application for post-conviction relief filed in state district court on May 2, 2010. *See* Response, Exhibit 4. By order dated June 21, 2010, the state district court denied relief. *See* Response, Exhibit 6. Petitioner then filed an appeal of the denial to the OCCA. On appeal, he raised for the first time, the issue raised in ground five of the Petition. *See* Response, Exhibit 7.

The OCCA found the four grounds for relief raised in the state district court post-conviction proceedings procedurally barred as claims Petitioner could have raised on direct appeal. *See* Response, Exhibit 8, OCCA Order at 3. The OCCA further found the additional claim raised in ground five procedurally barred because Petitioner failed to present that claim – in the first instance – to the state district court when he filed his application for post-conviction relief. *See id*. ("Because Petitioner only now raises these issues for the first time on appeal, this Court cannot consider them.").

## III. Analysis

Based on the procedural history recited above, Respondent contends Petitioner's claims for federal habeas relief are procedurally barred. The Court agrees that the claim raised in Ground Five is procedurally barred. However, the claims raised in Grounds One through Four are not subject to procedural bar because under controlling Tenth Circuit precedent, Oklahoma's procedural bar is not adequate with respect to these claims.

3

## A. Claims of Ineffective Assistance of Trial Counsel – Grounds One through Four

Each of Petitioner's first four grounds for relief involves a claim of ineffective assistance of trial counsel. The Tenth Circuit's decision in *Hickman v. Spears*, 160 F.3d 1269 (10th Cir. 1998), governs application of the procedural bar doctrine as to these claims.

In *Hickman*, the petitioner entered a guilty plea to multiple drug-related offenses. The petitioner did not file an application to withdraw his guilty plea within the period required under Oklahoma law, and he did not otherwise file a direct appeal of his conviction.

In a first application for state post conviction relief, the petitioner brought two claims for relief, an ineffective assistance of trial counsel claim and a claim alleging his sentence was illegal because it exceeded statutory guidelines. The state district court denied his application applying a procedural default and finding petitioner failed to properly raise his claims in a motion to withdraw his guilty plea or by directly appealing his conviction.

The Tenth Circuit began analysis of procedural default by addressing the familiar standard governing application of this doctrine. "On habeas review, [federal] court[s] will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Id.*, 160 F.3d at 1270 (*citing Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991)). The Court then determined Oklahoma's procedural bar was independent and adequate as to the petitioner's illegal sentence claim. *Id.* at 1272. But, as to the petitioner's ineffective assistance of trial counsel claim, the Court determined

4

Oklahoma's procedural bar was not adequate and, therefore, refused to find that claim procedurally barred from federal habeas review. *Id*. According to the Court, "the short time frame in which petitioner had to perfect a certiorari appeal under Oklahoma law did not give him sufficient opportunity to discover and develop his ineffective assistance of counsel claim." *Id*.

Respondent contends *Hickman* is not dispositive of the procedural default issue. According to Respondent, Petitioner's claims all involve "counsel's performance with respect to the merits of the Petitioner's case *prior* to the time of the guilty plea." *See* Response at 5 (emphasis in original). Respondent argues that "the Petitioner's claims are truly substantive claims regarding the merits of his case prior to his plea of guilty, claims which were foreclosed by his plea." *See* Response at 5-6. It appears that by making this argument, Respondent attempts to recharacterize Plaintiff's claims of ineffective assistance of counsel into wholly other claims. But, such recharacterization would be improper. Indeed, in other contexts of procedural bar, ineffective assistance of counsel claims may proceed where other "substantive" claims may be subject to procedural bar. *Compare Kimmelman v. Morrison*, 477 U.S. 365, 375, 382-83 (1986) (explaining that *Stone's* restrictions on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel claims where the principle error of counsel was incompetent representation on a Fourth Amendment issue).[1] Thus, the Court rejects

---

[1] Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal habeas court cannot overturn a state conviction due to a Fourth Amendment violation if the petitioner had a full and fair opportunity to litigate the claim in state court.

5

Respondent's attempts to distinguish *Hickman* and recommends that Respondent's defense premised on the doctrine of procedural default be denied as to the claims of ineffective assistance of trial counsel raised in Grounds One through Four of the Petition.

    **B.**    <u>**Claims of Ineffective Assistance of Trial Counsel – Ground Five**</u>

The Court recommends a different result as to the claim raised in Ground Five of the Petition. With respect to this claim, the OCCA found on direct appeal of the denial of post-conviction relief that Petitioner had raised this claim for the first time before the OCCA and on that basis, the OCCA would not consider the claim. The OCCA found: "[i]t is axiomatic that before this Court will consider an issue on appeal, the matter must first be presented to the District Court for resolution." *Id*. at n. 2 (*citing* Rule 5.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2010)).[2]

Respondent candidly acknowledges that he "cannot locate any cases in which the Tenth Circuit has expressly held that Rule 5.2(A) is an adequate rule for *Coleman* purposes . . . ." *See* Response at 8. Likewise, this Court has not found any case law directly addressing application of this rule. However, the Court agrees with Respondent that under Tenth Circuit law a similar provision of the Oklahoma Rules has been deemed independent and adequate for procedural bar purposes and on that basis, finds the OCCA's application of Rule 5.2(A) independent and adequate.

---

[2]Rule 5.2(A) provides: "The appeal to this Court under the Post-Conviction Procedure Act constitutes an appeal *from the issues raised*, the record, and findings of fact and conclusions of law made in the District Court in non-capital cases.") (emphasis added).

6

The Tenth Circuit has found application of Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2010), to constitute an independent and adequate state procedural bar. *See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998). *See also Short v. Jones*, 246 Fed. Appx. 586, 591-592 (10th Cir. Aug. 31, 2007) (unpublished op.) (noting Circuit precedent finding the procedural bar of the OCCA's Rule 5.2 to be an independent and adequate state ground sufficient to foreclose federal habeas review); *Webster v. Attorney General of the State of Oklahoma*, 213 Fed. Appx. 664, 668 (10th Cir. Jan. 12, 2007) (unpublished op.) (upholding procedural bar on ground that petitioner failed to seek timely appellate review of denial of post-conviction relief as required by OCCA Rule 5.2(C)).[3] Thus, the ineffective assistance of counsel claim raised in Ground Five of the Petition is procedurally barred.

Procedurally defaulted claims may nonetheless be reviewed if the petitioner can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Petitioner has failed to demonstrate cause for the procedural default. In his Reply [Doc. #13] he appears to concede the claim raised in Ground Five is procedurally barred. He requests only that "grounds 1 through 4 be reviewed for merit . . . ." *See* Reply at 8. Nor

---

[3] Rule 5.2(C) requires, *inter alia*, the filing of a notice of post-conviction appeal within ten days of the district court's order denying relief and a petition in error with a certified copy of the district court order attached within thirty days of the district court's order.

does the Court's independent review of the record demonstrate any cause for Petitioner's procedural default of this claim.

Petitioner also has failed to demonstrate that failure to consider the claim raised in Ground Five will result in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice will occur, Petitioner must demonstrate a constitutional violation "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 322 (1995). Petitioner does not address actual innocence in the context of Ground Five of the Petition and, to the extent he otherwise claims innocence, he has made only conclusory allegations insufficient to meet the heavy burden that accompanies such a claim. *See, e.g., Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (the actual innocence exception "is a markedly narrow one" and is implicated only in "extraordinary cases"). Accordingly, Ground Five of the Petition should be denied on grounds of procedural default.

## IV. Summary of Recommendation

It is recommended that the claim raised in Ground Five of the Petition be denied on grounds of procedural default. It is further recommended that Respondent's defense of procedural default be rejected as to the claims raised in Grounds One through Four and that consideration of the merits of the claims raised in Grounds One through Four be deferred pending supplementation of the record and further briefing.

**RECOMMENDATION**

It is recommended that the Amended Petition for Writ of Habeas Corpus [Doc. #6] be denied as to the claims raised in Ground Five on grounds of procedural default. It is further recommended that consideration of the merits of the claims raised in Grounds One through Four be deferred pending Respondent's supplementation of the record and supplemental briefing. If this Report and Recommendation is adopted and the case referred for further proceedings, Respondent will be directed to supplement the record and submit additional briefing on the merits of the issues raised by these claims.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July  19th , 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation does not dispose of all matters referred by the District Judge in this case.

DATED this  28th  day of June, 2011.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE