# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYWAN HYATT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-1396-F |
| ) | |
| JAMES RUDEK, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, Tywan Hyatt, has filed a *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court convictions on various federal constitutional grounds. In a previous Report and Recommendation [Doc. #14] it was recommended that the claims raised in Ground Five of the Amended Petition [Doc. #6] be denied. The recommendation was adopted by District Judge Friot. See Order [Doc. #15]. As directed by the Court, Respondent has filed a Supplemental Response [Doc. #19] to address the merits of the claims raised in Grounds One through Four of the Amended Petition. Petitioner has filed a Reply [Doc. #21] and the matter is now at issue. For the reasons set forth below, the claims raised in Grounds One through Four of the Amended Petition lack merit and the Amended Petition should be denied in its entirety.

## I.   Case History

On January 8, 2010, in the District Court of Oklahoma County, State of Oklahoma, Petitioner entered guilty pleas in Case No. CF-07-2218 to the charges of Manufacturing a Controlled Dangerous Substance, After Former Conviction of a Felony (Count 1) and to

Possession of Drug Paraphernalia (Count 2). As to Count 1, Petitioner was sentenced to a term of forty-three (43) years imprisonment with all but the first twenty-eight (28) years suspended. See Supplemental Response, Exhibit 2, Judgment and Sentence, Case No. CF-07-2218. As to Count 2, Petitioner was sentenced to a term of one (1) year in jail. Id. Both these sentences were ordered served concurrently with each other and with the sentences in CF-09-6098. Id.

At the same time, in Case No. CF-09-6098, Petitioner entered guilty pleas to Possession of a Controlled Dangerous Substance with Intent to Distribute, After Former Conviction of a Felony (Count 1) and to Possession of Drug Proceeds, After Former Conviction of a Felony (Count 2). Petitioner was sentenced to a term of forty-three (43) years imprisonment on Count 1 and a term of ten (10) years imprisonment on Count 2 with all but the first twenty-eight (28) years suspended. The sentences were ordered to run concurrently with each other and with the sentences in Case No. CF-07-2218. See Supplemental Response, Exhibit 3, Judgment and Sentence, Case No. CF-09-6098.

Petitioner did not move to withdraw his guilty pleas or otherwise appeal his convictions.

On May 3, 2010, Petitioner filed an application for post-conviction relief in the state district court challenging the convictions in both Case No. CF-07-2218 and CF-09-6098. See Supplemental Response, Exhibit 4. The state district court denied the application and Petitioner appealed. See Supplemental Response, Exhibits 6 and 7. On October 28, 2010, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of post-conviction

relief.  See Supplemental Response, Exhibit 8, OCCA Order Affirming Denial of Post-Conviction Relief.

## II.     Grounds for Habeas Corpus Relief

Currently before the Court for review are Grounds One through Four of the Amended Petition.  In Grounds One through Three, Petitioner challenges his convictions in Case No. CF-09-6098.  He claims trial counsel was ineffective for failing to move to suppress evidence allegedly seized in violation of his Fourth Amendment rights.

In Ground Four, Petitioner challenges one of his convictions in Case No. CF-07-2218.  Petitioner claims trial counsel was ineffective for allowing him to enter a guilty plea where the evidence was allegedly insufficient to prove the essential elements of the crime of manufacturing a controlled dangerous substance.

Petitioner first raised the claims set forth in Grounds One through Four of the Amended Petition in his application for post-conviction relief filed in state district court on May 3, 2010.  See Supplemental Response, Exhibit 4.  The OCCA ultimately found these four grounds for relief procedurally barred as claims Petitioner could have raised on direct appeal.  See Supplemental Response, Exhibit 8, OCCA Order at 3.  The OCCA, therefore, did not address the merits of those claims.

In the prior Report and Recommendation, adopted by Judge Friot, the Court rejected Respondent's defense of procedural bar as to the ineffective assistance of trial claims raised in Grounds One through Four of the Amended Petition.  Because the claims raised in Grounds One through Four were not decided on the merits by the OCCA and are not

procedurally barred, those claims are subject to this Court's *de novo* review. Torres v. Lytle, 461 F.3d 1303, 1311 (10th Cir. 2006); see also Anderson v. Sirmons, 476 F.3d 1131, 1142 (10th Cir. 2007).

**III.    Analysis**

    **A.    Convictions in Case No. CF-09-6098: Claims of Ineffective Assistance of Trial Counsel – Grounds One through Three of the Amended Petition**

Both Petitioner and Respondent rely upon the probable cause affidavit in support of Petitioner's warrantless arrest to establish the facts relevant to Petitioner's claims raised in Grounds One through Three of the Amended Petition. See Amended Petition, Exhibit A; see also Supplemental Response, Exhibit 10.  The synopsis of the arrest provided on the probable cause affidavit states that on October 28, 2009, the Hefner Impact Unit utilized a confidential informant ("CI") to order $200 worth of cocaine from Petitioner.  The CI was to meet Petitioner in Oklahoma City, Oklahoma, at the location of I-240 and Penn at a party store to conduct the transaction.  Before the CI arrived, undercover law enforcement officers in the area observed Petitioner leave in a white Chevy Baretta.  Officers followed Petitioner to a Walmart located at I-240 and South Santa Fe.  Officers then initiated a "voluntary contact" with Petitioner, identifying themselves as police officers.  Officers observed Petitioner, who was seated in the passenger side of the vehicle, reach down the back of his pants.  Fearing that Petitioner was reaching for a gun or other weapon, the officers drew their weapons and ordered Petitioner out of the car.  Petitioner complied and lay face down on the ground.  Officers then handcuffed Petitioner and inspected his backside where he had appeared to

4

have reached for a weapon.  Officers discovered 19.2 grams of cocaine which field-tested positive. Officers also discovered $320 in U.S. currency in Petitioner's right front pocket. Officers asked Petitioner if he had a job and he responded that he did not.  Officers then arrested Petitioner for trafficking a controlled dangerous substance (crack) and for possession of drug proceeds. See id.

Petitioner claims trial counsel was ineffective for failing to file a motion to suppress the evidence obtained during the police search of his person.  Respondent claims Petitioner would not have prevailed on the motion to suppress and, therefore, Petitioner has failed to demonstrate ineffective assistance of counsel.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court set out the applicable standard for reviewing ineffective assistance of counsel claims in the context of guilty pleas. In accord with Strickland v. Washington, 466 U.S. 668, 687 (1984), a defendant challenging the effective assistance of counsel during the guilty plea process must show that counsel's performance was deficient and that such deficient performance prejudiced him. Lockhart. 474 U.S. at 57-58. As to the prejudice prong of the analysis, the relevant inquiry is whether counsel's ineffective assistance affected the outcome of the plea process.  "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 474 U.S. at 58-59.

Recently, the Supreme Court underscored that even under *de novo* review, the standard for judging counsel's performance "is a most deferential one."  Premo v. Moore,

\_\_ U.S. \_, 131 S.Ct. 733, 740 (2011).  As the Court explained, "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of material outside the record, and interacted with the client, with opposing counsel, and with the judge."  Id.  Thus, the inquiry must focus on "whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  Id., citing Strickland, 466 U.S. at 690.

The Supreme Court has stated that when a claim of ineffective assistance of counsel is based on issues related to suppression of evidence "a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment [ineffective assistance of counsel] claim . . . ."  Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).  Therefore, as a preliminary matter, the Court undertakes analysis of the merits of Petitioner's Fourth Amendment claims to determine the success of the ineffective assistance of trial counsel claims.  Of course, "a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief."  Id.  And, even if the petitioner states a "good" Fourth Amendment claim, he must still demonstrate the "gross incompetence" of his attorney.  Id.

Petitioner challenges his arrest as illegal and contends police lacked probable cause to arrest him without an authorized warrant.  In support, Petitioner claims police had no way to identify him because the CI was not present and police never spoke to Petitioner prior to his arrest. (Ground One).  He further claims he did not commit any criminal offense in the presence of police.  (Grounds One and Two).  In addition, he claims his conduct in reaching down the backside of his pants, standing alone, was insufficient to establish probable cause

and that police exceeded the scope of a Terry stop when they searched down inside the back of his pants. (Ground Three).  See Terry v. Ohio, 392 U.S. 1 (1968).

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const., amend IV.  A warrantless arrest violates the Fourth Amendment if the arrest is not supported by probable cause. Fogarty v. Gallegos, 523 F.3d 1147, 1156 (10th Cir. 2008). However, not every encounter between an individual and law enforcement officer implicates the Fourth Amendment.  To assist in determining whether the Fourth Amendment is implicated, "[t]he Supreme Court has identified three categories of police-citizen encounters: consensual encounters, investigative stops, and arrests." Morris v. Noe, 672 F.3d 1185, 1191 (10th Cir. 2012).

A consensual encounter is not a seizure under the Fourth Amendment and "need not be supported by suspicion of criminal wrongdoing." Id.  "An investigative detention, also called a Terry stop, is an encounter in which police may stop and briefly detain a person for investigative purposes." Id. (quotations and citation omitted).  While a Terry stop is a seizure under the Fourth Amendment, it does not require probable cause. Id.  Instead, the officer must have reasonable suspicion that criminal activity "may be afoot" and that "the persons with whom he is dealing may be armed and presently dangerous." Terry, 392 U.S. at 30.

Unlike the first two categories of police encounter, an arrest is a seizure under the Fourth Amendment and must be supported by probable cause. Morris, 672 F.3d at 1192.  An arrest is a detention characterized by its "intrusive or lengthy nature." Id.  Thus, a detention

that begins as a Terry stop becomes an arrest "if it continues for an excessive time or closely resembles a traditional arrest." Id.

Petitioner repeatedly contends the officers had no reason to believe he was the person the CI was to conduct the transaction with because the CI was never present to identify him. In addition, Petitioner claims he never engaged in criminal activity in the presence of the officers.[1] But these arguments presume probable cause was required of the officers.

The factual record before the Court supports that the initial encounter between Petitioner and law enforcement officers was consensual and, therefore, that probable cause was not required. Petitioner was targeted for a drug transaction with a CI and was under police surveillance for that reason. Although the transaction did not take place, officers observed Petitioner in the area designated for the transaction and, according to the affidavit, then followed the vehicle Petitioner was in to a Walmart at another location. Once there, the officers identified themselves and "attempted a voluntary contact." There are no allegations or evidence that Petitioner was detained pursuant to a traffic stop or for any other reason. Nor does Petitioner make allegations or submit evidence to suggest that law enforcement officers conveyed a message that he was not free to terminate the encounter. See Florida v. Bostick, 501 U.S. 429, 434, 439 (1991) (if a reasonable person would feel free to decline an officer's requests or otherwise terminate the encounter, the encounter is consensual and no reasonable suspicion is required). Thus, when law enforcement officers initiated contact with

---

[1] Petitioner provides no factual allegations to challenge the reliability of the CI or the circumstances surrounding the surveillance.

Petitioner, the factual record shows the encounter was consensual and no probable cause was required.

While a police-citizen encounter may begin as consensual, the nature of the encounter may change during the course of the parties' conduct. See United States v. Madden , ___ F.3d __, 2012 WL 2308633 at * 3 (10th Cir. June 19, 2012) (for publication). According to the probable cause affidavit, after law enforcement officers identified themselves, they observed Petitioner reach down the back of his pants and feared he was reaching for a gun or other weapon. At this point, officers drew their weapons and ordered Petitioner out of the car. Officers then ordered Petitioner face down on the pavement where they handcuffed him. After Petitioner was handcuffed officers "inspected" the backside of Petitioner's pants where they had observed him reaching and "located" 19.2 grams of cocaine.

Petitioner's encounter with police ceased to be consensual when the officers drew their weapons and ordered Petitioner out of the car. At this point, however, police only needed reasonable suspicion to detain Petitioner. As the Supreme Court stated in Terry, "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous . . . he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." Id., 392 U.S. at 30. To determine whether the reasonable suspicion standard is met, the court is "to view the officer's conduct through a filter of common sense and ordinary human

experience." United States v. Garcia, 459 F.3d 1059 (10th Cir. 2006) (quotations and citation omitted). In addition, the Court considers the "totality of the circumstances" to determine the validity of a pat-down search pursuant to Terry. Id.

As noted, Petitioner was targeted for a drug transaction with a CI and was under police surveillance for that reason. An individual's "connection with drug transactions can support a reasonable suspicion that a suspect is armed and dangerous." Garcia, 459 F.3d at 1064. In addition, the officers directly observed Petitioner reach down the back of his pants when they identified themselves as law enforcement officers – and Petitioner does not dispute that he did in fact reach down the back of his pants. Petitioner's conduct provided police with reasonable suspicion to conduct an investigative detention. Compare, United States v. Lazos, 314 Fed. Appx. 127, 133 (10th Cir. Feb. 24, 2009) (unpublished op.) (manner in which suspect exited car, avoiding officer directly, reasonably aroused suspicion that suspect was armed); United States v. Thomas, 512 F.3d 383, 388 (7th Cir. 2008) (upholding pat-down search where drug suspect reached in and out of his jacket pocket, a movement that could be interpreted by an officer as a retrieval of a weapon); United States v. Ellis, 501 F.3d 958, 962 (8th Cir. 2007) (upholding pat-down search where officers, conducting a drug investigation, observed suspect act nervously and reach toward his pocket). On the record presented, the totality of circumstances supports the officers' reasonable suspicion to support the pat-down search of Petitioner.

According to the affidavit, law enforcement officers handcuffed Petitioner in the course of the Terry stop. Petitioner does not specifically challenge the handcuffing or

contend that conduct transformed the Terry stop into an arrest requiring probable cause. Even if Petitioner had raised such a claim, however, he would fail to establish a Fourth Amendment violation. Where officers reasonably fear for their safety, the use of handcuffs does not transform a Terry detention into a full custodial arrest. See Morris, 672 F.3d at 1192 (citing cases); see also United States v. Neff, 300 F.3d 1217, 1220 (10th Cir. 2002) ("[A] Terry stop does not become unreasonable just because police officers use handcuffs on a subject or place him on the ground.") .

In addition, Petitioner does not specifically claim officers exceeded the scope of the Terry stop on grounds they discovered cocaine, rather than a weapon. Again, had Petitioner raised such a claim, he would not establish a Fourth Amendment violation. "Terry permits a law enforcement officer to conduct a frisk of a suspect's outer clothing that is 'reasonably designed to discover guns, knives, clubs or other hidden instruments for the assault of the police officer.'" United States v. Harris, 313 F.3d 1228, 1237 (10th Cir. 2002) (quoting Terry, 392 U.S. at 29). Moreover, "[i]f the officer discovers what he believes to be a weapon, he may reach inside the suspect's clothing to remove it." Id. The fact that the officer may retrieve an object that turns out to be drugs, instead of a weapon, does not necessarily mean the officer exceeded the scope permitted by Terry. Id. See also United States v. Thomson, 354 F.3d 1197, 1200 (10th Cir. 2003) ("plain feel" exception to warrant requirement justifies seizure of weapon or other contraband detected during a pat down search where officer knows the nature of the item). Here, the affidavit states that when officers inspected Petitioner's "backside" where he was reaching as if for a weapon, officers

"located 19.2 grams of cocaine base." See Probable Cause Affidavit. The facts, though limited, fail to demonstrate the officers exceeded the scope of the Terry stop.

In sum, Petitioner has failed to present facts demonstrating a Fourth Amendment challenge to the investigative detention and resulting pat-down search would have been successful. As Petitioner has failed to meet this preliminary showing necessary to his ineffective assistance of trial counsel claims, those claims lack merit. Petitioner has not met the high burden of proof required to demonstrate his counsel rendered either deficient performance or that Petitioner suffered prejudice. Accordingly, the claims raised in Grounds One through Three of the Amended Petition should be denied.

### B. Conviction in Case No. CF-07-2218: Ineffective Assistance of Trial Counsel / Sufficiency of the Evidence – Ground Four of the Amended Petition

In Ground Four, Petitioner brings an additional claim of ineffective assistance of trial counsel. He claims trial counsel failed to challenge the sufficiency of the evidence to support the conviction for manufacture of a controlled dangerous substance. In support, Petitioner alleges in wholly conclusory fashion, and without supporting evidence, that police executed a search warrant on a house that did not belong to Petitioner and that his name was not listed on the warrant. He claims no evidence supported his joint possession or residency. He further claims clothing allegedly belonging to him and found in the house was insufficient to establish his residency. He claims his clothing was in the house only because Petitioner was doing his laundry. Finally, he claims the owner of the house pled guilty in separate

proceedings and did not implicate Petitioner. Petitioner contends, therefore, that incriminating evidence found in the course of the search could not be attributed to him.

Petitioner raises this claim as a challenge to the "sufficiency of the evidence." However, because he did not go to trial, his claim appears to more appropriately be construed as a challenge that his guilty plea was not knowingly and voluntarily entered as a result of the ineffective assistance of his trial counsel. In other words, it appears Petitioner claims counsel failed to advise him that he could defend against the charge on grounds he lacked possession or even constructive possession of the incriminating evidence which served as the basis for the charge. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (plea is not knowingly and voluntarily entered "[w]here a defendant pleads guilty to a crime without having been informed of the crime's elements"). The record before the Court belies such a challenge.

In the Plea of Guilty and Summary of Facts form, Petitioner stated the following as the factual basis for his plea to the charge of manufacture of a controlled dangerous substance: "On 4 April 2007 I manufactured crack and had drug sales in OK Co. OK." See Supplemental Response, Exhibit 1 at 4. At the plea hearing, the trial court determined, based on the testimony presented and the Plea of Guilty Summary of Facts form, that Petitioner's plea was knowingly, voluntarily and intelligently entered. See Supplemental Response, Exhibit 9, Transcript of Pleas of Guilty (Tr.) at 8. The state court's factual findings are entitled to a presumption of correctness, see 28 U.S.C. § 2254(e), and Petitioner has not rebutted that presumption.

Significant to Petitioner's ineffective assistance of counsel claim, Petitioner expressly stated the following regarding the elements of the crimes charged and his counsel's performance:

| | |
|---|---|
| THE COURT: | You talked over the charges with your lawyer, advised him regarding any defenses you may have to the charges, and had his advise in these matters? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you believe your lawyer has effectively assisted you in these cases and are you satisfied with his advice? |
| THE DEFENDANT: | Yes, Your Honor. |

Tr. at 6.

In raising a claim of ineffective assistance of trial counsel, Petitioner does not identify the elements of the crime or otherwise articulate how the evidence was insufficient to support his conviction for manufacture of a controlled dangerous substance. Instead, he makes a hindsight argument that he *may* have had a basis upon which to argue he did not have possession of the incriminating evidence. In <u>Premo</u>, the Supreme Court underscored that "strict adherence to the <u>Strickland</u> standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." <u>Id</u>. at 741. As the Court stated:

> Failure to respect the latitude Strickland requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. . . . Second, ineffective assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect."

Id.

Strict adherence to the Strickland standard shows that Petitioner's claim is based on hindsight perspective and lacks necessary foundation. As set forth, Petitioner's argument is wholly conclusory and speculative and without any evidentiary support. Compare United States v. Harrison, 375 Fed. Appx. 830, 834 (10th Cir. March 31, 2010) (unpublished op.) (where defendant did not identify why he believed the principle of constructive possession of drugs was improperly applied to his case, he could not establish his attorney rendered deficient performance in failing to raise these challenges at sentencing). Consequently, Petitioner has failed to satisfy the high burden he bears to demonstrate either deficient performance or prejudice as required to establish ineffective assistance of trial counsel and the claims raised in Ground Four of the Amended Petition should be denied.

## **RECOMMENDATION**

Based on the Court's previous order denying habeas relief as to Ground Five, see Order [Doc. #15], and in conjunction with the foregoing findings made in this Supplemental Report and Recommendation as to Grounds One through Four, the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by             July 25th, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir.1991); cf. Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 5th day of July, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE